COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis


DAVID EDWIN SAUNDERS

                                                    MEMORANDUM OPINION*
v.      Record No. 0393-03-2                              PER CURIAM
                                                       NOVEMBER 4, 2003
ELEANOR MARIE SAUNDERS


           FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                        Walter J. Ford, Judge Designate

                 (Neal L. Walters; University of Virginia School of Law, Appellate
                 Litigation Clinic, on brief), for appellant.

                 No brief for appellee.


        David Edwin Saunders (husband) challenges the circuit court's final decree awarding

Eleanor Marie Saunders (wife) a divorce.  On appeal, husband contends (1) the decree "must be

reversed because the only evidence offered in support of the claim for divorce was inadmissible,"

and (2) the ends of justice require that we address Issue 1 because he had no opportunity to

object to the evidence.  Upon reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

                                 Procedural Background

        Eleanor Marie Saunders (wife) filed a bill of complaint for divorce in the trial court on

October 16, 2002.  Wife's bill contained seven numbered statements.  In statement 6 wife

indicated that she and husband separated on or before June 1, 2001, and in statement 7 wife

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

declared that husband "is incarcerated in the Rustburg Correctional Center." Wife then requested that "Thomas M. James be appointed as *guardian ad litem* for husband and that she be granted a divorce *a vinculo matrimonii* on the grounds of having lived separate and apart for a period of one year." Concomitant with her bill of complaint, wife filed a motion to appoint Thomas James as husband's guardian *ad litem*. She also filed a "Notice to Take Depositions," indicating her intention to "give [her] deposition and to take depositions of others" on November 27, 2002, "to be read as evidence" in the divorce action.

By order dated October 18, 2002, the trial court appointed Thomas James to act as husband's guardian *ad litem*. Thomas James signed the order of appointment under the phrase "Seen and agreed."

On October 29, 2002, the trial court filed a handwritten letter from husband dated October 25, 2002. Husband entitled it "Answer to Bill of Complaint for Divorce" and in it, he wrote:

> This is my answer to my wife's bill of complaint for a divorce. What she stated on her bill of complaint is not true. I am contesting this divorce. Mr. Thomas James has been appointed Guardian *ad litem* for me. Mr. James told me he was going to file the necessary paperwork to preserve my rights since he didn't want to deal with this case. I am just reassuring this court of my intentions to contest this case and also file my cross-claim on my wife.

On October 30, 2002, James filed an answer to wife's bill of complaint on husband's behalf. In it, he included six numbered one-word responses. In responses 1 through 4 and number 6, the answer was "agree." The answer to number 5 was "DENY." The answer concluded with the following statement:

> WHEREFORE, the respondent [husband] has instructed the Guardian *ad litem* to object to the basis for the Bill of complaint for Divorce as living separate and apart for a period of one year and states his intention to file a Bill of Complaint with adultery as the basis.

On January 21, 2003, wife filed a notice that on January 23, 2003 she would move the trial court to enter a final decree of divorce. Wife's attorney certified that a copy of the notice was mailed to James on January 15, 2003.

On January 23, 2003, the trial court heard and granted James's motion to withdraw. The trial court then appointed Andrew L. Wilder to act as guardian *ad litem*.

On January 24, 2003, wife's attorney filed another notice, advising Wilder that she would move for entry of the divorce decree on January 29, 2003. Wife's attorney certified that she mailed a copy of that notice to Wilder on January 23, 2003.

On January 29, 2003, the trial court conducted a hearing on wife's motion to enter a decree of divorce. It entered the decree that day. In it, the trial court recited the following:

> It appearing to the Court that the parties were married to each other on June 10, 1989 in the City of Charlottesville, Virginia; that the Complainant [wife] is an actual bona fide resident of and domiciled in the state of Virginia and has been such for at least six months prior preceding the commencement of this suit; that both parties are over the age of eighteen (18) years; that neither of the parties is a member of the Armed forces of the United States; that the parties last cohabited as husband and wife in the City of Charlottesville, Virginia; that there was one child born of the marriage, . . . born on July 22, 1992; that the parties separated on June 1, 2001, and have lived separate and apart without cohabitation and without interruption since that date.

The trial court then decreed that "the parties be, and hereby are, divorced on the grounds of living separate and apart without cohabitation and without interruption for more than one year."

Wilder signed the January 29, 2003 order under the typed phrase, "Seen and agreed."

On February 6, 2003, husband filed a *pro se* notice of appeal appealing the divorce decree entered on January 29, 2003.

<u>Discussion</u>

1. Admissibility and Use of Deposition Testimony

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18 is to "afford[] 'the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" <u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991) (quoting <u>Weidman v. Babcock</u>, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

Rule 5A:18 "applies equally to both *pro se* litigants and those who are represented by counsel." <u>Newsome v. Newsome</u>, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994)

> [A party] may meet the mandates of Rule 5A:18 in many ways. For instance, [he] may make clear the ground for his objection in a motion to strike the evidence or in closing argument. [He] may also state the grounds therefor during a motion to set aside the verdict or a motion to reconsider. Likewise, [a party] may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge.

<u>Lee v. Lee</u>, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) *(en banc)* (citations omitted).

The record demonstrates that the trial court appointed a guardian *ad litem* to represent husband on October 18, 2002. The order was signed by wife's attorney and husband's guardian *ad litem*. On October 30, 2002, husband's guardian *ad litem* filed an answer to 6 of the 7 numbered statements in wife's bill of complaint, and noted husband's intention to file a cross-claim alleging adultery. Husband's guardian *ad litem* was present at the hearings on January 23, 2003, and on January 29, 2003. Despite evidence establishing that appellant had a guardian *ad litem* at all relevant times, husband, through the guardian *ad litem*, made no

objections to using the depositions or to the trial court's January 29, 2003 order. In fact, he endorsed the final decree "Seen and agreed."

Therefore, our review of this issue is barred by husband's failure to object to the admission of this document in evidence. Rule 5A:18.

## 2. Ends of Justice Exception

Husband concedes no objections were made to the use of the deposition transcripts, however, he contends "these omissions on the part of the guardian ad litem, particularly given the specific factual context of this case, do not bar consideration of the claim of insufficient evidence in this case."

"[T]he ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

The procedural background of this case does not support appellant's contention that the ends of justice should apply. Husband timely received notice of entry of the final divorce decree because on February 6, 2003, while the matter still remained within the trial court's jurisdiction, husband, acting *pro se*, filed a notice of appeal. Thus, husband passed up an opportunity to file, personally or through his guardian *ad litem,* a motion to reconsider entry of the decree and raise the argument he now raises for the first time on appeal.

Husband relies, in part, upon the proscription in Rule 4(a)(6) that "No deposition shall be read in any action against a person under a disability unless it be taken in the presence of the guardian ad litem appointed or attorney serving pursuant to § 8.01-9, or upon questions agreed on by the guardian or attorney before the taking." In Khanna v. Dominion Bank of Northern

Virginia, 237 Va. 242, 377 S.E.2d 378 (1989), defendant Khanna contended "the trial court improperly based entry of summary judgment on the original claim upon discovery deposition testimony in violation of [*inter alia,*] . . . Rule 4:7(e)." Id. at 246 n.*, 377 S.E.2d at 381 n.*. Because "[t]his issue was not raised in the trial court," the Supreme Court refused "to entertain it for the first time on appeal." Id. Like Rule 4:7(a)(6), Rule 4:7(e) contains an express prohibition against the admission and use of depositions except under certain circumstances.[1] Thus, the language in the Rule neither obviated the requirements of nor prevented application of Rule 5A:18.

Although husband alerted the trial court in his October 29, 2002 answer that wife made untrue statements in her bill of complaint and he intended to file a cross-claim, husband failed to advise the trial court or this Court what statements were untrue and he failed to file a cross-bill to show his basis for alleging adultery. Moreover, husband has failed to explain how the introduction of such evidence prejudiced him. See Doan v. Commonwealth, 15 Va. App. 87, 94-95, 422 S.E.2d 398, 402 (1992) (refusing to address defendant's objection to admission of transcript of codefendant's statement, noting introduction of such evidence did not prejudice Doan). The sole objection raised by husband in the trial court was contained in his October 30, 2002 answer filed by his guardian *ad litem*. In that answer, husband objected to statement number 5 in wife's bill of complaint, by including the word "DENY." This one-word denial addressed the following statement in wife's bill of complaint: "That the parties are domiciled in

---

[1] Rule 4:7(e) provides:

> No motion for summary judgment in any action at law or to strike the evidence shall be sustained when based in whole or in part upon any depositions under Rule 4:5, unless such depositions are received in evidence under Rule 4:7(a)(4) or all parties to the suit or action shall agree that such deposition may be so used.

and have been actual bona fide residents of the State of Virginia for more than six months next preceding the commencement of this suit." On appeal, however, husband does not contest the truth of that statement, which objection was the only one he raised in the trial court.

That husband sought to allege adultery had no effect on the validity of wife's request for a divorce on no-fault grounds or on her assertion that the parties have lived separate and apart for the statutorily required length of time. Other than his unsupported assertion, appellant presented no evidence of adultery and no evidence to rebut the information contained in the depositions by wife and her witness. Thus, he has failed to demonstrate that his rights were prejudiced or that a miscarriage of justice occurred.

Husband failed to object to admission and use of the depositions. He proffered no argument or evidence demonstrating any basis for attacking the deposition testimony. Accordingly, neither "good cause" nor "the ends of justice" exceptions to Rule 5A:18 require consideration of the issue. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). Accordingly, we summarily affirm the trial court.

Affirmed.