### Salem

DAVID MOUNCE

v.

COMMONWEALTH OF VIRGINIA

No. 0369-86-3

Decided July 7, 1987

434

■■■■■■■■

■■■■■■■■

COUNSEL

Raymond F. Leven, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, Leah A. Darron, Assistant Attorney General, on brief), for appellee.

OPINION

**MOON, J.** — David Mounce was convicted of felonious unauthorized use of a 1978 Monte Carlo automobile in violation of Code § 18.2-102. He now contends that: (1) the evidence was insufficient as a matter of law to prove that the value of the automobile was over $200; and (2) the evidence was insufficient to sustain the conviction of unauthorized use. The Commonwealth argues that Mounce is barred on appeal from raising these issues because he did not raise the issue of the value of the car at the trial level, nor did he move to strike the Commonwealth's evidence after presentation of all the evidence. Rule 5A:18. We agree and affirm the conviction.

 Rule 5A:18 provides:

No ruling of the trial court or the Industrial Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

The Commonwealth's evidence showed that Mounce was sharing a motel room with Wilbur Campbell, the owner of the car. When Campbell got out of the shower the morning of January 1, 1986, he discovered that $960 of his cash, his car, and Mounce were gone. However, all of Mounce's personal belongings remained in the room. Campbell called the police, who obtained a warrant at 1:12 p.m. charging Mounce with grand larceny. Campbell's car was located that same evening between 5:30 and 6:00 p.m. in the motel parking lot. The trial judge found that Mounce was not guilty of larceny of the money but found Mounce guilty of the felony of unauthorized use of the car. Implicit in the conviction was a finding that the automobile had a value of over $200. *See* Code § 18.2-102.

Mounce claims that he raised the issue of the car's value in the trial court by pleading not guilty and mentioning to the judge that value had to be proven. The transcript indicates that the trial judge, after hearing all of the evidence, stated that he had a lot of problems with the case. However, he concluded: "[It] is clear as far as I'm concerned that there was an unauthorized use of the automobile, and the Court's going to find him guilty of that." The judge then asked: "I think it's a felony, isn't it?" The Commonwealth's attorney replied: "Yes, sir." Defense counsel added: "Depending on the value of the car."

That was the only time defense counsel mentioned at the trial level the value of the car. At most, defense counsel's comment to the judge was a reminder of one element of the offense. It was not an argument that the evidence was insufficient as a matter of law to prove the element of value.

Rule 5A:18 and its companion Rule 5:25 have been strictly enforced. *See, e.g., Coppola v. Warden*, 222 Va. 369, 373, 282 S.E.2d 10, 12 (1981), *cert. denied*, 455 U.S. 927 (1982); *Ingram v. Commonwealth*, 1 Va. App. 335, 338 S.E.2d 657 (1985). Specifically, the Supreme Court has held that a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court. *See Floyd v. Commonwealth*, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) ("To hold otherwise would be to deny the trial court the opportunity to consider and weigh, and, if necessary, reconsider before finally ruling on legal questions in the orderly course of trial").

■ Under what circumstances "the ends of justice" require this court to consider an issue for the first time on appeal depends upon whether a miscarriage of justice has clearly occurred. In *Ryan v. Commonwealth*, 219 Va. 439, 247 S.E.2d 698 (1978), the Supreme Court held that failure of the Commonwealth to prove entry at nighttime to sustain common law burglary could not be raised for the first time on appeal. *Id.* at 446, 247 S.E.2d at 703. The evidence showed the burglary was committed at some time between 6:00 a.m. October 9, and 7:00 a.m. October 10, 1976. Therefore, because the burglary could have been committed in the nighttime, the record did not reveal that Ryan's conviction of common law burglary resulted in a miscarriage of justice. By way of contrast, the defendant in *Ball v. Commonwealth*, 221 Va. 754, 273 S.E.2d 790 (1981), was convicted of capital murder alleged to have occurred during the commission of a robbery. However, the evidence was uncontradicted that the murder occurred during an attempted, but not completed robbery. The Supreme Court reversed the conviction, despite the defendant's failure to object to erroneous jury instructions, because the evidence clearly demonstrated that Ball could not have been guilty and a miscarriage of justice surely had occurred. *Id.* at 758-59, 273 S.E.2d at 793.

Thus, the "ends of justice" provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred.

If the record before us proved that, under no circumstances, could the value of the car have been over $200, there would be a reasonable basis for this court to consider the issue for the first time on appeal. However, the evidence in this case does not clearly show that a 1978 Monte Carlo automobile in working condition could not have a value of more than $200. Accordingly, we find that the ends of justice do not require that we consider the issue for the first time on appeal.

We will not consider Mounce's contention that the evidence was insufficient to sustain the conviction of unauthorized use of the automobile, regardless of the value, because he failed to move to strike the Commonwealth's evidence at the close of trial. *White v. Commonwealth*, 3 Va. App. 231, 234, 348 S.E.2d 866, 868 (1986).

Therefore, the conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.