COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia

ANTONIO SHARPE, S/K/A
 ANTONIO V. SHARPE

v.          Record No. 2437-93-1     MEMORANDUM OPINION[*] BY
                                     JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  MAY 30, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dennis F. McMurran, Judge

          Dianne G. Ringer, Assistant Public Defender (John H.
          Underwood, III, Public Defender, on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney General (James S.
          Gilmore, III, Attorney General, on brief), for appellee.


     Antonio V. Sharpe (defendant) was convicted by the trial court

of robbery, malicious wounding, and two related firearm charges.

Defendant complains on appeal that (1) the court erroneously

limited his cross-examination of a witness, and (2) the

Commonwealth wrongfully withheld exculpatory evidence.  However,

these issues were not presented to the trial court and will not be

entertained on appeal.  We, therefore, affirm the convictions.

     The parties are fully conversant with the record in this case,

and we recite only those facts necessary to explain our holding.

     During defendant's cross-examination of Detective Welton

Beard, the trial court sustained the Commonwealth's objection to a

question propounded by defendant's counsel, the inquiry was

rephrased, and the witness responded.  It is well established that,

"[o]n appeal, a ruling of a trial court cannot be a basis for

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

reversal unless an objection is stated 'together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.'" Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (quoting Rule 5A:18). "Among the purposes underlying the contemporaneous objection rule are to enable the trial court to prevent error, to cure alleged error with prompt and decisive instruction, and to prevent compounding any harmful consequences by dwelling on irrelevant matters." Harward v. Commonwealth, 5 Va. App. 468, 473-74, 364 S.E.2d 511, 513 (1988).

Here, defendant made no objection to the initial ruling of the trial court relative to the disputed question. See Rule 5A:18. Moreover, defendant failed to proffer questions and answers for the record to facilitate proper appellate review. See Spencer v. Commonwealth, 238 Va. 295, 305, 384 S.E.2d 785, 792 (1989), cert. denied, 493 U.S. 1093 (1990). Under such circumstances, we are unable to consider the issue and find no justification for the "ends of justice" exception to Rule 5A:18. Id.; see Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Defendant further contends that differences in the testimony of Detective Beard and the victim with respect to the number of gunshots fired "strongly suggest[s]" a prior inconsistent statement by the victim, which constituted exculpatory evidence wrongfully withheld by the Commonwealth. However, defendant also failed to properly present this issue to the trial court, and we decline to consider it. Rule 5A:18.

<u>Affirmed</u>.