COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Elder and
          Senior Judge Cole
Argued at Richmond, Virginia


ANTHONY MONTREY WOOTEN, S/K/A
 ANTOINE M. WOOTEN

v.   Record No.  2424-93-2          MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                 JUNE 13, 1995

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          John M. Wright, Jr. (Downs & Wright, on
          brief), for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Anthony Montrey Wooten appeals his convictions of robbery

and use of a firearm in the commission of a robbery.  On appeal,

Wooten contends that the indictment charging him with robbery of

"U.S. currency" was fatally defective because the evidence

indicated that the only item taken from the victim was a jacket.

 Wooten also challenges the sufficiency of the Commonwealth's

evidence to convict him.  Because Wooten did not raise these

issues before the trial court, he is barred from now raising them

on appeal.  Accordingly, we affirm his convictions.

     "Rule 5A:18 and its companion Rule 5:25 are strictly

enforced. . . . [And], [s]pecifically the Supreme Court has held

that a challenge to the sufficiency of the Commonwealth's

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). Only where a miscarriage of justice has clearly occurred do "the ends of justice" require this Court to consider an issue for the first time on appeal. Id. And "the `ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage might have occurred." Id. at 436, 357 S.E.2d at 744.

Assuming, but not deciding, that the evidence did not prove robbery of currency as alleged in the indictments and, therefore, that the indictments were fatally defective, Rule 5A:18 bars our consideration of this argument on appeal. The evidence supported the defendant's conviction of robbery of the victim's jacket. The record does not reveal whether the jacket contained a wallet or loose currency. Nonetheless, the defendant failed at any time during the trial to raise this issue. Because we are unable to say upon this record that the jacket taken from the victim could not have contained money, we cannot hold that the "evidence clearly demonstrated that [Wooten] could not have been guilty and a miscarriage of justice surely ha[s] occurred." Id.

For the above-stated reason, neither will we consider Wooten's contention that the evidence was insufficient to sustain his convictions, regardless of the indictment's alleged flaw.

Affirmed.