COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick


DENEEN HICKS RAINWATER

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1877-96-3        JUDGE RICHARD S. BRAY
                                            APRIL 29, 1997
ROANOKE CITY DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Robert P. Doherty, Jr., Judge

              (Onzlee Ware, on brief), for appellant.
              Appellant submitting on brief.

              (Ann Gardner, Assistant Commonwealth's
              Attorney, on brief), for appellee.  Appellee
              submitting on brief.


     Deneen Hicks Rainwater appeals an order of the trial court

which terminated Rainwater's parental rights to three of her

children.  She argues that the Department of Social Services

(DSS) failed to provide her (1) a copy of the foster care plan in

accordance with Code § 16.1-281 and (2) "appropriate, available

and reasonable rehabilitative efforts . . . to reduce, eliminate

or prevent the neglect or abuse of the child[ren]" pursuant to

Code § 16.1-283.  Finding Rainwater's arguments are procedurally

barred, we affirm the order.

     It is well established that arguments not timely presented

to the trial court are deemed waived on appeal, absent good cause

or to attain the ends of justice.  Rule 5A:18; see, e.g., Deal v.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Commonwealth</u>, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). Here, Rainwater did not complain before the trial court of a failure by DSS to comply with the provisions of Code § 16.1-281. To the contrary, appellant's counsel stipulated that the "case [was] properly before the Court," arguing only that Rainwater had resolved the circumstances which had prompted foster care placement. <u>See</u> Code § 16.1-283. Moreover, the instant order of the trial court recited that "the cause came on to be heard upon proper and timely Notice" to the parties and was endorsed by Rainwater's counsel, "Seen," without objection. Rainwater, similarly, did not challenge the adequacy of DSS "efforts" to remediate the abuse and neglect of the children pursuant to Code § 16.1-283.

Rainwater does not contend that good cause or the ends of justice require consideration of these issues, and the record does not suggest a contrary result on the merits. <u>See</u> <u>Jimenez v. Commonwealth</u>, 241 Va. 244, 249-50, 402 S.E.2d 678, 680-81 (1991); <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Accordingly, we decline appellate review and affirm the decision of the trial court.

<u>Affirmed.</u>