COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


NORRIS EDWARD STANLEY

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2731-96-2      CHIEF JUDGE NORMAN K. MOON
                                            NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge


              Maureen L. White for appellant.

              Leah A. Darron, Assistant Attorney General
              (Richard Cullen, Attorney General, on brief),
              for appellee.


     Norris Edward Stanley appeals his conviction of grand

larceny in violation of Code § 18.2-95, asserting that the

evidence was insufficient to sustain his conviction.  Because

consideration of the matter is precluded by Rule 5A:18, we

affirm.

     On March 31, 1996, William Henderson reported to the police

that his 1983 four-door Nissan had been stolen.  On April 13,

1996, an officer stopped a 1983 four-door Nissan driven by

Stanley because Stanley was wearing stereo headphones while

driving.  Stanley ran.  Upon apprehension, Stanley said that he

rented the car from Melvin Williams.  He could not provide the

officer with a street address for Williams but did say he could

_____

        [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

show the officer where he lived.  He gave the officer a phone number for Williams, but the number was not in service.  The car showed no signs of forced entry and there were no other apparent indicia that it had been stolen.

At trial, Henderson never identified the car driven by Stanley as being his Nissan.  Neither he nor the officer testified to the color, type, license tag number, or vehicle identification number of the car.  Henderson did testify that the Nissan, along with his keys, had been stolen previously and that although the car was recovered, the keys had not been found.  The officer did not testify that he had compared the license tag number, registration, or vehicle identification number of the car driven by Stanley with that of Henderson's stolen Nissan.  However, the Commonwealth did ask the officer, "[D]id you . . . get behind this particular 1983 Nissan that Mr. Henderson just described as being his automobile?," to which the officer responded, "Yes."

Stanley did not challenge the sufficiency of the evidence at trial but raises this argument for the first time on appeal.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  No evidence suggests that the car driven by Stanley was not Henderson's.  "On appeal, we review the evidence in the light most favorable to the

- 2 -

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Because the record does not show any obvious miscarriage of justice, neither the ends of justice nor good cause permit waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Affirmed.