COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


CLABON TERRELL STEWARD

MEMORANDUM OPINION[*] BY
v.    Record No. 2829-98-1          JUDGE DONALD W. LEMONS
                                      DECEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

>  (Theophlise L. Twitty; Jones and Twitty, on
>  brief), for appellant.  Appellant submitting
>  on brief.
>
>  Donald E. Jeffrey, III, Assistant Attorney
>  General (Mark L. Earley, Attorney General, on
>  brief), for appellee.


Clabon Terrell Steward appeals from his bench trial convictions for marital sexual battery and two misdemeanor charges of assault and battery.  On appeal, he contends that the evidence is insufficient to sustain the convictions.  Finding no error, we affirm appellant's convictions.

The parties are familiar with the facts of the case and because this opinion has no precedental value it is not necessary to recite them.

The only sufficiency argument Steward maintains on appeal is that in order to convict him under Code § 18.2-67.2:1, the

---

    * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Commonwealth must prove that the parties were living "separate and apart." However, the only sufficiency argument Steward made to the trial court was that the Commonwealth had not presented corroborative medical testimony and that the police officer did not describe any vaginal injury to the victim. Accordingly, Steward is barred from raising this new issue for the first time on appeal. See Rule 5A:18. A challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). A reason not asserted at trial as to why the evidence is insufficient is not considered on appeal. See Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

On the issues that are preserved for appeal, upon familiar principles, we state the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The judgment of the trial court sitting without a jury is

-

entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

With respect to the charge of assault and battery on April 18, 1998, Steward maintains that the incident was "mutual combat."  The evidence reveals that Steward "slammed" his wife into a wall, pushed her onto a bed, pinned her down and twice struck her in the face.  Her response of grabbing Steward's groin and striking him in response did not make the combat mutual.  For combat to be mutual, "it must have been voluntarily and mutually entered into by both or all parties to the affray." Lynn v. Commonwealth, 27 Va. App. 336, 356, 499 S.E.2d 1, 10-11 (1998).

With respect to the charge of assault and battery on May 19, 1998, Steward claims that his wife used a knife to attack him and that he responded in self-defense.

The trial judge resolved these factual disputes against Steward.  Upon review of the record, we cannot say that the trial court was plainly wrong or without evidence to support the decision.

The convictions are affirmed.

Affirmed.

-