COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


TRACY AUSTIN

                                    MEMORANDUM OPINION* BY
v.    Record No. 0043-00-4         JUDGE ROSEMARIE ANNUNZIATA
                                        OCTOBER 17, 2000
THOMAS ALBERT STANLEY


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jane Marum Roush, Judge

              Donna Porter Gair (Porter & Gair, P.C., on
              briefs), for appellant.

              Thomas A. Stanley, pro se.


     Appellant, Tracy Austin, appeals from an order of the trial

court regarding modification of child support.  She contends the

court erred in both imputing her pre-retirement income to her

and in relying on her new spouse's income as a basis for

deviating from the guideline support amount.  She also contends

that no evidence supports the specific amount by which the court

deviated from the guideline amount and that the court failed to

state its findings in writing.  Appellee, Thomas Stanley,

alleges that Austin failed to preserve these issues for review

in accordance with Rule 5A:18, and therefore this Court is

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

foreclosed from reviewing them on their merits.  We agree with Stanley's argument and affirm the decision of the trial court.

Rule 5A:18, states:  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  At the bottom of the order of modification of child support at issue in this case, in the section entitled, "Objections of Complainant," Austin stated the following:

> After deviating from the child support guidelines by imputing full income to Complainant, thus deeming Complainant to be fully self-supporting, the Court on its own motion further deviated by adding $250.00 to amount due from Complainant each month based on "substantial assistance from new husband for basic needs, such as housing, food, etc." without evidence or law to support such a finding.

No other objection is cited in the record or the statement of facts filed in support of this appeal.

We hold that Austin failed to preserve the issues she raises on appeal.  First, she failed to specify the grounds for her objection to the trial court's ruling that based on "substantial assistance from [Austin's] new husband" a deviation in the amount of $250 was warranted.  The "mere statement that the judgment [of the trial court] . . . is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."  Rule 5A:18; see also Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991).  In addition,

Austin made no objection whatsoever with respect to any failure by the trial court to make written findings justifying its departure from the guidelines. These issues were therefore not properly preserved for appeal. See Rule 5A:18. Furthermore, because good cause has not been shown and the record fails to affirmatively disclose that a miscarriage of justice has occurred, see Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987), we decline to address the issues raised and affirm the decision of the trial court.

Affirmed.