COURT OF APPEALS OF VIRGINIA


Present:  Judges Clements, Agee* and Felton
Argued at Richmond, Virginia


CHRISTOPHER D. STRONG

                                        MEMORANDUM OPINION** BY
v.   Record No. 0926-02-2          JUDGE JEAN HARRISON CLEMENTS
                                           SEPTEMBER 2, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                       Thomas B. Hoover, Judge

         Jonathan W. Gatewood for appellant.

         Amy Hay Schwab, Assistant Attorney General
         (Jerry W. Kilgore, Attorney General, on
         brief), for appellee.


     Christopher D. Strong was convicted in a bench trial of using

profane/vulgar language over the telephone, in violation of Code

§ 18.2-427.  On appeal, he contends the evidence was insufficient

to sustain the conviction.  Finding appellate review procedurally

barred, we affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

_____

        * Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

        ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as are necessary to the parties' understanding of the disposition of this appeal.

The record before us includes, in lieu of a transcript, a written statement of facts, made a part of the record pursuant to Rule 5A:8.  As set forth in that statement of facts:

> Barbara Doggett testified that on or about August 14, 2001, Douglas Doggett was having a conversation on the phone.  Barbara Doggett testified that when she picked up the phone, someone called her a bitch and told her to suck his dick.  Barbara Doggett stated that she was ninety-five percent sure that it was Christopher Strong.
>
> Douglas Doggett testified that he received a phone call in King William County from Chris Strong on or about August 14, 2001.  Douglas Doggett testified that he did have a conversation with Christopher Strong, but did not recall handing the phone to Barbara Doggett.
>
> Christopher Strong testified that he did not say anything to Barbara Doggett on the telephone.  On cross-examination Christopher Strong did testify that he did have an argument with Douglas Doggett on the telephone.
>
> At the end of the evidence counsel made a motion to strike on the grounds that the evidence was insufficient to prove the charge against Christopher Strong.  The Court denied the motion and after reviewing the considerable record of Strong sentenced him to twelve months in jail with nine months suspended.

On appeal, Strong contends the evidence was insufficient to sustain his conviction because (1) Barbara Doggett was not one hundred percent sure she was talking to Strong on the telephone,

-

(2) Douglas Doggett did not remember handing the phone to Barbara Doggett, and (3) he denied using any obscene language directed at Barbara Doggett.  The Commonwealth contends Strong's claim is procedurally barred by Rule 5A:18 because, as shown in the record before this Court, Strong failed, in noting his objection at trial to the sufficiency of the evidence, to state with any specificity the grounds of his objection.  We agree with the Commonwealth.

Rule 5A:18 provides, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . .  A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

(Emphasis added.)

Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The same specific argument must have been raised at trial before it can be considered on appeal.  See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978).  The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736,

-

737 (1991);  Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409

S.E.2d 1, 3-4 (1991).  Thus, "a challenge to the sufficiency of

the Commonwealth's evidence is waived if not raised with some

specificity in the trial court."  Mounce v. Commonwealth, 4

Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

In addition,

> "on appeal the judgment of the lower court is
> presumed to be correct and the burden is on
> the appellant to present to us a sufficient
> record from which we can determine whether
> the lower court has erred in the respect
> complained of.  If the appellant fails to do
> this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6

(1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255,

256-57 (1961)).  "An appellate court must dispose of the case

upon the record and cannot base its decision upon appellant's

petition or brief . . . .  We may act only upon facts contained

in the record."  Id.  "Transcripts and statements of facts serve

the identical purpose on appeal—to provide a record of the

incidents of the trial proceeding."  Anderson v. Commonwealth, 13

Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992).

Here, the record indicates that Strong made only a general

argument in the trial court that "the evidence was insufficient to

prove the charge against [him]."  Nothing in the record shows what

specific arguments, if any, Strong made to the trial court as to

why the evidence was insufficient.  Nor does the record show that

-

Strong made the same arguments at trial that he asks us to consider on appeal.

We conclude, therefore, that Strong did not properly preserve his objection for appeal. Consequently, he is procedurally barred from raising this claim on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

We further note that the text of Strong's opening brief, consisting of sections entitled "Nature of the Case," "Statement of Questions Presented," "Statement of Facts," "Principles of Law, Argument and Authorities," and "Conclusion," is only one and one-half pages in length. A mere five lines in length, the section entitled "Principles of Law, Argument and Authorities" restates a few of the facts and includes a brief conclusory assertion, but offers no principles of law, argument, or authorities.

As we stated in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument [or] authority . . . do not merit appellate consideration." See also Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc) (noting that it is not this Court's responsibility "to ferret-out for ourselves the validity of [appellant's] claims").

Accordingly, we affirm Strong's conviction. Furthermore, we direct that no further award of appellate attorney's fees be paid

-

to Strong's court-appointed counsel for his services in this appeal.

Affirmed.