COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


LEON PARRISH MARSHALL

                                                MEMORANDUM OPINION[*] BY

v.        Record No. 1499-02-2          JUDGE RUDOLPH BUMGARDNER, III
                                                    OCTOBER 14, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
William L. Wellons, Judge

Michael J. Brickhill (Michael J. Brickhill, P.C., on brief), for
appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury convicted Leon Parrish Marshall of rape and two counts of aggravated sexual battery.  He contends the evidence is insufficient because the victim's testimony was incredible as a matter of law.  Concluding the defendant did not raise this issue at trial, we affirm.

"[A] challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court."  Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).  When the defendant made a motion to set aside the jury verdict, he simply stated, "we would make a motion to set aside the verdict as contrary to the law."  "A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."  Rule 5A:18.

The ends of justice exception to Rule 5A:18 does not apply to this case.  The victim was fourteen years old and testified about the defendant's actions.  The testimony established each

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

element of each charge. While her testimony contained conflicts and inconsistencies, nothing suggested it was incredible as a matter of law. The jury resolved the differences and found the victim credible. That finding was not clearly erroneous. Rule 5A:18 prevents our review of this issue. See Parrish v. Commonwealth, 38 Va. App. 607, 616, 567 S.E.2d 576, 580 (2002). Accordingly, we affirm.

Affirmed.