COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Clements
Argued at Salem, Virginia


RICHARD CRAIG YOUNG

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0007-03-3             JUDGE JEAN HARRISON CLEMENTS
                                                    JULY 13, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PATRICK COUNTY
Charles M. Stone, Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General; Virginia B. Theisen, Assistant Attorney
General, on brief), for appellee.


Richard Craig Young was convicted in a bench trial of breaking and entering, in violation of

Code § 18.2-91.[1]  On appeal, Young contends the evidence was insufficient, as a matter of law, to

sustain his conviction because the Commonwealth failed to prove that a "breaking" occurred or,

alternatively, that the entry occurred in the nighttime.  For the reasons that follow, we affirm the

conviction.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Young was also convicted in the same proceeding of three additional counts of breaking
and entering, nine counts of grand larceny, and one count of entering property with the intent to
damage, a misdemeanor.  By orders dated June 16, 2003 and December 10, 2003, we refused
Young's petition for appeal as to those convictions.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).  So viewed, the evidence presented to the trial court established that, on June 29, 2001, at 7:00 a.m., Greg Radford discovered that a leaf blower and his son's motorcycle were missing from a utility room inside the garage attached to his house.  Radford, who was "in the middle of working on" the garage, had installed the doorframes for the utility room and the garage but had not installed any of the doors yet.  Thus, someone could "walk into [the] garage and utility room without opening any doors or windows."

After reporting the theft to the police, Radford moved his other son's motorcycle behind a "four-wheeler" vehicle in the garage.  At 11:00 a.m., he went to the store to get "some cables to lock everything else up."  When he returned home that afternoon at 1:00 p.m., he discovered that the other motorcycle had been taken while he was gone.

Young was subsequently indicted by the grand jury for, *inter alia*, breaking and entering into Radford's house with the intent to commit larceny, on or about June 28, 2001, in violation of Code § 18.2-91.

At trial, Charles Burchette, III, a witness for the Commonwealth, testified that he and Young committed numerous burglaries and larcenies in Patrick County, taking motorcycles, power tools, generators, and "things of that general nature."  He testified that, at the time, his father worked at Sara Lee from 7:00 p.m. to 7:00 a.m.  He further testified that he and Young "were stealing in

Virginia" while his father was working. Burchette stated that he could not recall the specific dates on which the various offenses were committed.

Shown a photograph of Radford's property, Burchette testified that he and Young went to Radford's garage "on two different occasions between two different days." He testified that, the first time they went there, they stole "a small dirt bike," and "the next day," they "went back" and stole a "bigger bike."

At the conclusion of the Commonwealth's evidence, Young moved to strike the evidence on the ground that the structure from which the items were stolen was not a "dwelling house." Young further "generally" moved to strike the evidence on the ground that the Commonwealth's evidence did "not rise to the level of a conviction at this point." In response, the Commonwealth argued that, as shown by its photographic exhibit depicting Radford's property, Radford's garage was attached to and, thus, a part of his house. The Commonwealth further argued that its evidence was sufficient to establish a *prima facie* case. The trial court denied Young's motion to strike.

At the conclusion of the defense's evidence, Young again moved to strike the Commonwealth's evidence, arguing solely that the trial court should not credit Burchette's inconsistent, confused, and biased testimony. The trial court again denied Young's motion to strike.

During its closing argument, the Commonwealth argued that the trial court could conclude from Burchette's testimony that the first of the two thefts from Radford's garage "occurred in the evening hours or nighttime hours." Young lodged no objection to the Commonwealth's argument and made no counter argument in response.

The trial court subsequently convicted Young of, *inter alia*, breaking and entering, in violation of Code § 18.2-91, and this appeal followed.

## II.  ANALYSIS

On appeal, Young contends the trial court erred in denying his motions to strike the evidence because the Commonwealth failed to prove that he either broke into the victim's garage or entered the garage in the nighttime.  While acknowledging, at oral argument, that he did not specifically argue at trial that the Commonwealth's evidence was insufficient to prove he entered the garage in the nighttime, Young claims that argument was properly preserved for appeal because the trial court was given the opportunity to consider the issue.  Alternatively, Young argues that, even if he did not preserve the argument for appeal, we should consider it nevertheless in order to attain the ends of justice.

The Commonwealth concedes that, because Radford's garage and utility room had no doors when the entry occurred, Young could have burglarized the garage only if he entered it in the nighttime with the intent to commit larceny.  The Commonwealth contends, however, that Young's argument on appeal that the evidence failed to prove the entry occurred in the nighttime is procedurally defaulted under Rule 5A:18 because he did not raise that argument at trial.  The Commonwealth further contends that the ends of justice exception to Rule 5A:18 is not applicable here because the record does not affirmatively show that Young's entry into the garage to steal the smaller motorcycle occurred in the daytime.  We agree with the Commonwealth.

Rule 5A:18 provides, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated *together with the grounds therefor* at the time of the ruling . . . .  A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

(Emphasis added).

- 4 -

Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). Thus, preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions. See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999). Moreover, the same specific argument must have been raised at trial before we may consider it on appeal. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994) (holding that appellant's failure to raise the same arguments "before the trial court precludes him from raising them for the first time on appeal"); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that only the same specific sufficiency argument presented to the trial court may be considered on appeal). The purpose of these rules is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, in support of his initial motion to strike, Young argued only that Radford's garage was not a "dwelling house" within the meaning of Code § 18.2-91 and that the Commonwealth's evidence did "not rise to the level of a conviction at this point." In support of his second motion to strike, Young argued only that Burchette's testimony was not credible. During the Commonwealth's closing argument, Young raised no objection to the Commonwealth's claim that

the trial court could find from the evidence that the theft of the smaller motorcycle from Radford's garage occurred in the nighttime. Likewise, he offered no argument to refute that claim. Thus, the trial court was never advised of the claim Young makes on appeal that the Commonwealth's evidence was insufficient to prove that the entry did not occur in the nighttime. We hold, therefore, that Young did not preserve this issue for appeal and is barred by Rule 5A:18 from raising it for the first time on appeal, unless, as Young submits, the ends of justice exception to Rule 5A:18 applies. See Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (stating that "we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary circumstances to attain the ends of justice").

"'The ends of justice exception is narrow and is to be used'" only when the trial court error is "'clear, substantial and material.'" Id. at 220-21, 487 S.E.2d at 272 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)).

> To invoke the ends of justice exception to Rule 5A:18, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To satisfy this burden, an appellant must show "more than that the Commonwealth *failed* to prove an element of the offense. . . . The appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or *the record must affirmatively prove that an element of the offense did not occur*." Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.

Marshall v. Commonwealth, 26 Va. App. 627, 636-37, 496 S.E.2d 120, 125 (1998) (alterations in original) (second emphasis added).

Young does not argue that he was convicted for conduct that was not a criminal offense. Instead, he argues the record affirmatively establishes that he entered the garage to steal the smaller motorcycle in the daytime, rather than nighttime. Thus, he contends the record affirmatively proves that an element of the charged offense did not occur. We disagree.

As pertinent to the charged crime, the record before us establishes solely the following: Radford first noticed the smaller motorcycle was missing at 7:00 a.m. The second motorcycle was stolen later that same day between 11:00 a.m. and 1:00 p.m., while Radford was at the store. Burchette testified that he and Young stole the smaller motorcycle the day before they stole the larger motorcycle. Burchette also testified that he and Young "were stealing in Virginia" while Burchette's father was at work from 7:00 p.m. to 7:00 a.m.

From this evidence, it is impossible to determine with any certainty when in fact the smaller motorcycle was stolen. Consequently, the record does not affirmatively establish that Young entered the garage to steal the smaller motorcycle in the daytime. It is just as likely, based on the evidence before us, that the smaller motorcycle was stolen during the nighttime. We conclude, therefore, that the record does not affirmatively prove, as Young contends, that an element of the charged offense did not occur.

Young having failed to present the same argument to the trial court and having failed to affirmatively persuade us that a miscarriage of justice has occurred, we will not consider the merits of his claim that the Commonwealth failed to prove he entered the victim's garage in the nighttime. Accordingly, we affirm his conviction.

<u>Affirmed.</u>