COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


DAVID WAYNE DAVIS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2154-05-2                          PER CURIAM
                                                    OCTOBER 10, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                            Richard S. Blanton, Judge

             (Katherine Hollister Moore; James Pendleton Baber Law Firm, on
             brief), for appellant.  Appellant submitting on brief.

             (Robert F. McDonnell, Attorney General; Leah A. Darron, Senior
             Assistant Attorney General, on brief), for appellee.  Appellee
             submitting on brief.


        David Wayne Davis, appellant, was convicted of possessing a concealed weapon after

having been convicted of a felony in violation of Code § 18.2-308.2.[1]  On appeal, appellant

challenges the sufficiency of the evidence to support his conviction under Code § 18.2-308.2.  We

find appellant's argument is procedurally barred by Rule 5A:18 and no reason exists to invoke the

"ends of justice" exception to Rule 5A:18.  Accordingly, appellant's conviction is affirmed.

        On June 4, 2005, police officers arrested appellant at his home for assaulting his girlfriend.

When the police searched appellant incident to the arrest, they found a black knife with a silver

blade in appellant's back pocket.  Appellant told the police he had the knife to use in working on his

truck.  Testifying in his own behalf, appellant stated he had used the knife to perform household

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted of perjury, but that conviction is not before us on this
appeal.

chores that day and had placed the knife in his pocket. Appellant previously had been convicted of felony offenses.

On appeal, appellant contends the evidence was insufficient to sustain his conviction of carrying a concealed weapon because the knife he possessed was not of the type prohibited by Code § 18.2-308.2. Pursuant to Code § 18.2-308.2, it is unlawful for any previously convicted felon "to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308." Code § 18.2-308(A) prohibits the concealment of "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor . . . or . . . any weapon of like kind[.]" Appellant argues the knife the police found in his back pocket was not a "weapon of like kind" pursuant to Code § 18.2-308(A).

Appellant did not raise this issue in the trial court. Rule 5A:18 provides in pertinent part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Appellant concedes he did not raise the issue in the court below, but urges this Court to apply the "ends of justice" exception to Rule 5A:18 and consider the question nonetheless.

> To invoke the ends of justice exception to Rule 5A:18, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To satisfy this burden, an appellant must show "more than that the Commonwealth *failed* to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of

the offense did not occur."  Redman [v. Commonwealth], 25
Va. App. [215,] 221-22, 487 S.E.2d [269,] 272-73 [(1997)].

Marshall v. Commonwealth, 26 Va. App. 627, 636-37, 496 S.E.2d 120, 125 (1998).

The record does not support appellant's contention that the "ends of justice" exception should apply in this case.  The police found a concealed weapon in appellant's possession.  By its appearance, the knife was a weapon appellant, a previously convicted felon, could not lawfully carry in a concealed manner.  See Code §§ 18.2-308(A) and 18.2-308.2.  Thus, we cannot say appellant "was convicted for conduct that was not a criminal offense" or that "an element of the offense did not occur."  Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.  Because appellant has failed to prove "that a miscarriage of justice has occurred," we find that the "ends of justice" exception does not require us to consider the argument appellant advances on appeal.  Mounce, 4 Va. App. at 436, 357 S.E.2d at 744.  Accordingly, Rule 5A:18 bars our review of this issue.

For the foregoing reason, we affirm appellant's conviction.

Affirmed.