COURT OF APPEALS OF VIRGINIA


Present:    Judge Elder, Senior Judges Annunziata and Clements


FREDERICK A. WRIGHT

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2241-08-3                              PER CURIAM
                                                        MARCH 10, 2009
LYNCHBURG DEPARTMENT OF
  SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                            Mosby G. Perrow, III, Judge

            (David Mass, on briefs), for appellant.

            (Susan L. Hartman, Assistant City Attorney; John Randolph Nelson,
            Guardian *ad litem* for the minor children, on brief), for appellee.


        Frederick Wright (father) appeals the trial court's order terminating his parental rights to his

children. Father contends that the trial court erred by not making findings pursuant to Code

§ 16.1-282.1 and that such error was prejudicial, not harmless. Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

                                        BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence

showed that in 2004, the Lynchburg Department of Social Services (the Department) worked with

father and Annabelle Wright (mother) to address problems with inadequate shelter, cleanliness of

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the home, unemployment of both parents, poor management of financial resources, health concerns for the children, and developmental delays of the children. In December 2005, the Department became involved again when the home where the parents and children were living had no heat.

In June 2006, there was a child protective services complaint against father and mother.[1] Father and mother shared joint custody of the children with the paternal aunt and uncle. The Department removed the children from the paternal aunt and uncle's house because of filthy and unsafe living conditions. Father and mother did not have an appropriate home for the children, so the children were placed in foster care.

The Department offered numerous services to father and mother. The parents participated in visitations and cooperated with the services provided, except the financial freedom class. The parents worked with a parenting instructor and therapist to improve their parenting skills.

While the children were in foster care, father and mother had numerous financial and housing problems. Their electricity and water were turned off twice, and at the time of the circuit court hearing, they had received termination notices for electricity and water. Father and mother lived in different houses while the children were in foster care. The houses were in complete disrepair and were unsafe, unstable, and dirty. Father had an arrangement with the landlord that he would fix the house in exchange for free rent. The Department offered housing assistance, but father wanted to continue to work for the landlord in exchange for free rent.

All of the children had special physical and emotional needs and required special care. The children improved since they came into foster care.

A clinical psychologist evaluated father on two occasions while the children were in foster care. Father changed little during that time period, despite the intervention of a parenting instructor and therapist. The clinical psychologist testified that father exhibited "a dependent passive

---

[1] The complaint was later determined to be unfounded.

aggressive, emotionally unstable personality." Father had mental and intellectual limitations. Father did not show any improvement on his parenting assessment and described his relationships with his children as "highly problematic or dysfunctional." The clinical psychologist concluded that "the prognosis was not good . . . [and] services would not make a substantial difference in their ability to handle parenting."

The parents' therapist also testified that he had concerns about the parents' housing, transportation, and insurance issues. He did not feel that the parents were ready or able to take over parenting responsibilities.

On February 29, 2008, the juvenile and domestic relations district court terminated father's parental rights. Father appealed, and on August 25, 2008, the circuit court entered an order terminating father's parental rights.[2] The trial court found that "there is clear and convincing evidence that the neglect sustained or suffered by these children presents a serious and substantial threat to their health and development and it is not reasonably likely . . . that those conditions could be corrected or eliminated to allow the children to return to their parents." The trial court found that the parents were incapable of caring for the children's numerous special needs. Father timely noted this appeal.

ANALYSIS

Father contends that the trial court erred by not finding that reasonable efforts were made to achieve the permanent goal of adoption, pursuant to Code § 16.1-282.1(C). Father also argues that such error was prejudicial and not harmless.

Father acknowledges that he did not note his specific objections at the trial level. Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for

---

[2] Both courts also terminated mother's parental rights.

good cause shown or to enable the Court of Appeals to attain the ends of justice."  In Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998), this Court held that it "will

not consider an argument on appeal which was not presented to the trial court."

Father argues that the ends of justice exception should apply because the trial court made

a prejudicial error.  "In order to avail oneself of the exception, a defendant must affirmatively

show a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."

Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce

v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).  There was no miscarriage

of justice in this case, and the ends of justice exception does not apply.

Since father did not make a contemporaneous objection at the trial level, Rule 5A:18 bars

our consideration of the questions on appeal.  Therefore, the ruling of the trial court is summarily

affirmed.  Rule 5A:27.

Affirmed.