COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Petty and Senior Judge Bumgardner


KIRKLAND L. HICKS

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0767-09-4                              PER CURIAM
                                                        FEBRUARY 9, 2010
ERICA SMITH-INGRAM, F/K/A
  ERICA SMITH-HICKS


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                             Benjamin N. A. Kendrick, Judge

            (Kirkland L. Hicks, *pro se*, on brief).

            (Erica Smith-Ingram, *pro se*, on brief).


        Kirkland L. Hicks (father) appeals a child support order.  Father argues that the trial court

erred by (1) not considering the time period for which he had temporary custody of the parties' child

and not including the payments he made to Erica Smith-Ingram (mother) to offset any amount of

child support arrears owed, and (2) not crediting father for private school tuition payments he made

while he had temporary custody of the child.  Mother presents two questions of cross-error.  She

argues that the trial court erred by (1) failing to order father to pay reasonable costs for a therapeutic

program for the children, and (2) denying her request for attorney's fees.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                                         BACKGROUND

        Mother and father married in 1995 and divorced in 1999.  They have two children, both

of whom were born prior to the marriage.  On December 23, 1999, the trial court entered the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

final decree of divorce, and awarded the parties joint legal custody of the minor children with primary physical custody to mother. Father was ordered to pay $1,314 per month in child support.

In March 2007, mother filed a petition to modify child support. Father subsequently filed a motion to modify support and a motion to modify custody and visitation. In September 2007, the Arlington County Juvenile and Domestic Relations District Court (the J&DR court) awarded father temporary sole legal and physical custody of the parties' oldest child.[1] After being awarded temporary custody and enrolling the child in private school, father decreased his child support payments to mother. In September 2007, father paid $1,007 for child support. From October 2007 until May 2008, father paid $700 per month in child support. He also paid $13,795 for private school tuition and $900 for a school assessed laptop computer fee.[2] In June 2008, father paid mother $350 in child support.

On June 16, 2008, the J&DR court awarded custody of both children to mother and ordered father to pay $2,090.89 per month in child support. The J&DR court held that there were no arrearages owed. Mother appealed the J&DR court ruling.

From July 2008 through September 2008 and in December 2008 and February 2009, father paid $2,090.89 per month for child support. In October 2008, father paid $2,230.89, and in November 2008 and January 2009, father paid $2,190.89 per month.

On February 12, 2009, the trial court found that father owed mother $29,272.42 in child support arrears for the period from March 2007 until June 2008. Father timely noted his appeal.

---

[1] Mother retained physical custody of the parties' youngest child.

[2] The child was expelled from school in May 2008, prior to the completion of the academic year, so father received a refund of $990.91.

- 2 -

ANALYSIS

A statement of facts, which summarized the procedural history and father's child support payment history, was prepared and accepted by the court. The statement of facts did not discuss any motions or arguments of counsel, nor did it state any objections of counsel to the judge's findings or rulings. An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

Father signed the final order and objected to the trial court's ruling because there was no notice that mother was appealing the "retroactive child support" and the trial court had no jurisdiction. Father did not note his objections to the calculation of the arrears, specifically that the trial court did not credit him for the time that he had custody of one child and his payments toward private school.

Mother did not note any objections to the final order. Her issues regarding the payment of a therapeutic program and request for attorney's fees were not mentioned in the statement of facts.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Neither mother nor father preserved their issues for appeal under Rule 5A:18. Father argues that this Court should overlook any procedural defaults and invoke the good cause and ends of justice exceptions to Rule 5A:18. Mother also asks this Court to invoke the exceptions to

- 3 -

Rule 5A:18 and consider her argument regarding payment of the therapeutic program.[3] "In order to avail oneself of the [good cause] exception, a defendant must affirmatively show a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[3] Mother does not ask the Court to invoke the exceptions regarding the court's denial of an award of attorney's fees. "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).