COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


TIFFANY N. HOBSON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1560-10-2                          PER CURIAM
                                                    DECEMBER 7, 2010
PETERSBURG DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                            Pamela S. Baskervill, Judge

            (Del M. Mauhrine Brown, on brief), for appellant.

            (Joan M. O'Donnell; J. Wicker Traylor, Guardian *ad litem* for the
            minor children, on brief), for appellee.


        On April 19, 2010, the trial court entered orders terminating the residual parental rights of

Tiffany N. Hobson (mother) to her two children pursuant to Code § 16.1-283(B), 16.1-283(C)(1)

and (2), and 16.1-283(E)(i).  On appeal, mother argues that the trial court erred by (1) approving a

goal of adoption and terminating mother's parental rights where there was no evidence that the

mother was beyond reasonable rehabilitative efforts and where the Petersburg Department of Social

Services (the Department) made no effort to rehabilitate mother before or after the children's

removal from the home, and (2) violating mother's due process rights by terminating her parental

rights without providing her an opportunity to rehabilitate herself when there was no indication that

she was beyond reasonable rehabilitative efforts.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decisions of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Clear and convincing evidence that the termination [of residual parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B), (C), . . . or (E)." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B), (C), and (E) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

A termination under Code § 16.1-283(B) requires a finding that:

> 1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.  In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Pursuant to Code § 16.1-283(C)(1), a parent's residual parental rights to a child placed in foster care may be terminated if the court finds that

> the parent [has] . . . , without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship.

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, has been unwilling or unable within a reasonable period of time not to exceed twelve

months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies.

Under Code § 16.1-283(E)(i), a trial court may terminate a parent's rights if it finds that "the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated."

In Fields, 46 Va. App. at 3, 614 S.E.2d at 657, a parent appealed to this Court from the trial court's decision to terminate her parental rights pursuant to Code § 16.1-283(C)(2) and (E)(i). On appeal, she contended the evidence did not support the termination under Code § 16.1-283(C)(2), but she did not challenge the sufficiency of the evidence to sustain the termination pursuant to Code § 16.1-283(E)(i). We found that, in light of the unchallenged termination pursuant to Code § 16.1-283(E)(i), we were not required to consider the sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Likewise, mother contends the evidence was insufficient to support the terminations pursuant to Code § 16.1-283(B). She argues that the Department failed to provide any services to her. However, mother does not challenge the terminations pursuant to Code § 16.1-283(C)(1), (C)(2), or (E)(i). Mother's failure to challenge the terminations under Code § 16.1-283(C) and (E) renders moot her claims regarding the terminations under Code § 16.1-283(B), and we need not consider those claims.

Furthermore, with respect to mother's second assignment of error and her related argument, mother acknowledges that this issue of an alleged violation of her due process rights was not raised at the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494

S.E.2d 484, 488 (1998).  <u>See</u> Rule 5A:18.  Mother asks that the Court consider this issue under the ends of justice exception.  "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."  <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citing <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).  Mother did not prove that a miscarriage of justice occurred; therefore, we will not consider this issue.

For the foregoing reasons, the trial court's rulings are summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>