*502 BENTON, J.,
concurring.
I concur in the opinion, and write separately to address the Rule 5A:18 preclusion.
In the trial court, Farnsworth’s attorney argued, in part, as follows:
So I think number one, the man was restored. And number two, he was restored in West Virginia where he was required to be restored. And number three, I think Virginia needs to recognize that. I don’t think it would make any sense to require him to reapply for restoration in every state he happens to live in. And I don’t think Virginia has any restoration statutes that would apply to somebody that was convicted in another state. I don’t think Virginia would be the proper jurisdiction for him to be restored. I don’t think our law makes application to laws like this.
Bear [with] me for a moment. Some language used in some of these cases was that it was fundamentally unfair to require somebody to have to reapply every time the law changed. That was kind of the holding of the Federal Court.
This argument merely addresses the attorney’s belief that the statute did not provide Farnsworth a means of obtaining a permit to possess a firearm because he was convicted in another state and had his civil rights restored in another state. Agreeing with the majority, I do not perceive this argument to be focused upon the Full Faith and Credit Clause.
I continue to believe that this Court may consider sua sponte the exception to Rule 5A:18 that permits our review “for good cause shown or to enable the Court of Appeals to attain the ends of justice.” See Edwards v. Commonwealth, 41 Va.App. 752, 770-77, 589 S.E.2d 444, 453-56 (2003) (Benton, J., dissenting). See also Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 792-93 (1981) (when appellant’s attorney, “[i]n reply to [the Supreme Court’s] inquiry,” addressed an issue “not presented at trial,” the Court invoked Rule 5:21 (the predecessor to its Rule 5:25) to reverse the conviction “because it was necessary to attain the ends of justice”). It *503 seems to me, however, that Farnsworth’s analysis summarily ignores the provision in the statute which provides that a convicted felon may petition the circuit court for a permit if “his civil rights have been restored by the Governor or other appropriate authority.” Code § 18.2-308.2(C). It further seems clear to me that in Farnsworth’s case the “appropriate authority” includes the West Virginia agency charged to restore the civil rights of persons convicted in West Virginia. In short, he had an avenue of relief under the statute which he failed to pursue, foreclosing a claim that we should invoke the “ends of justice” exception to Rule 5A:18 to address his contention that the Full Faith and Credit Clause is implicated in this case. See also People v. Shear, 71 Cal.App.4th 278, 83 Cal.Rptr.2d 707, 714 (1999) (holding that the “full faith and credit clause” did not preclude California from prohibiting a convicted felon from possessing a firearm within its borders merely because his civil rights had been restored in the state of the conviction).