ELDER, J., with whom ANNUNZIATA J.,
joins, dissenting.
I would find appellant’s assignment of error was preserved for appeal for the reasons set forth by Judge Frank in his concurring opinion at the panel stage, and would reverse on the merits for the reasons set forth by Senior Judge Coleman in his concurring and dissenting opinion at the panel stage.
BENTON, J., with whom FITZPATRICK, C.J.,
joins, dissenting.
I join in Judge Elder’s dissent. In addition, however, I continue to believe that this Court may consider sua sponte the exception to Rule 5A:18 that permits our review “for good cause shown or to enable the Court of Appeals to attain the ends of justice.” See Edwards v. Commonwealth, 41 Va.App. 752, 770-77, 589 S.E.2d 444, 453-56 (2003) (Benton, J., dissenting). See also Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 792-93 (1981) (noting that appellant’s attorney, “[i]n response to [the Supreme Court’s] inquiry,” addressed an issue “not presented at trial” and that, therefore, the Court would invoke Rule 5:21 (the predecessor to its Rule 5:25) to reverse the conviction “because it was necessary to attain the ends of justice”).
For these reasons, I would reverse the trial judge’s order, which refused to credit appellant for the twelve months she was incarcerated in the jail. By refusing to credit appellant *565 for the incarceration, the trial judge has caused appellant to be incarcerated for three years even though the final conviction order imposed only a term of two years of confinement. As Judge Coleman noted in his dissent to the panel opinion “the trial [judge’s] failure to award credit was clear error” and was in excess of the judge’s statutory authority.[2]
I dissent.

. Judge Benton continues to hold to his opinion "that a trial judge has neither statutory nor inherent authority to impose incarceration in jail as a condition for suspension of an imposed penitentiary sentence.” Nuckoles v. Commonwealth, 12 Va.App. 1083, 1087-92, 407 S.E.2d 355, 357-60 (1991) (Benton, J., dissenting).