COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Alston and Senior Judge Willis

SARA J. ROSENFELT

MEMORANDUM OPINION[*]
v.      Record No. 1379-12-3                                          PER CURIAM
                                                                     NOVEMBER 20, 2012
HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Avery B. Cousins, III; Cousins Law Offices, on brief), for
appellant.

(Rachel Errett Figura, Assistant County Attorney; Warren A.
Picciolo, Guardian *ad litem* for the minor children, on brief), for
appellee.

On May 4, 2012, the trial court terminated the residual parental rights of Sara J. Rosenfelt

(appellant) to her children, R.M. and R.R., pursuant to Code § 16.1-283(C)(1), 16.1-283(C)(2),

and 16.1-283(E)(i). On appeal of this decision, appellant challenges the sufficiency of the

evidence to support the terminations. Upon reviewing the record and briefs of the parties, we

conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial

court. See Rule 5A:27.

"[A] termination pursuant to Code § 16.1-283(E)(i) must be based upon clear and

convincing evidence that the action is in the best interests of the child. See Code § 16.1-283(E).

In addition, the trial court must find the parent's rights to a sibling of the child previously had

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

been terminated.  See Code § 16.1-283(E)(i)."  Fields v. Dinwiddie Cnty. Dep't of Soc. Servs.,

46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (footnote omitted).

Appellant concedes on appeal that she did not argue in the trial court that the evidence

was insufficient to support the terminations under Code § 16.1-283(E)(i).  Rule 5A:18 provides

that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an

objection was stated with reasonable certainty at the time of the ruling, except for good cause

shown or to enable the Court of Appeals to attain the ends of justice."  Appellant argues that this

Court should invoke the ends of justice exception to Rule 5A:18 in this instance.  "In order to

avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice

has occurred . . . ."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272

(1997).

> As our Supreme Court has stated, application of the ends of
> justice exception "requires a determination not only that there was
> error . . . but also that application of the exception is necessary to
> avoid a grave injustice."  Charles v. Commonwealth, 270 Va. 14,
> 20, 613 S.E.2d 432, 434 (2005).  This occurs only in "rare
> instances."  Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d
> 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age
> and physical and mental condition of the child or children; the age
> and physical and mental condition of the parents; the relationship
> existing between each parent and each child; the needs of the child
> or children; the role which each parent has played, and will play in
> the future, in the upbringing and care of the child or children; and
> such other factors as are necessary in determining the best interests
> of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Clear and convincing evidence proved that termination was in the best interests of the

children.  Both children were removed from appellant's custody by the Harrisonburg

- 2 -

Rockingham Social Services District (HRSSD) on February 28, 2011. At the time, R.M. was two years old, and R.R. was five days old. R.R. tested positively at birth for benzodiazepines, and appellant admitted she had used prescription drugs illegally during her pregnancy. The removal followed a report that appellant had held R.R. over the railing of an apartment balcony. Appellant appeared to be under the influence of drugs when confronted by the police that same day.

When the termination hearing was conducted on May 4, 2012, appellant had had no contact with the children since July 2011. Appellant had spent two months in jail for a probation violation. Appellant had a series of positive screenings for drugs after the removal, and failed to maintain continuous contact with HRDSS. Appellant had failed to obtain employment or stable housing for herself and the children. The children had been placed together with a foster family that wished to adopt them, and they were thriving in that environment.

Thus, clear and convincing evidence proved that termination of appellant's parental rights was in the best interests of the children. The evidence was uncontested that appellant's parental rights to a sibling of R.M. and R.R. previously had been terminated. Accordingly, this is not one of the rare instances in which a grave injustice has occurred and we must invoke the ends of justice exception to Rule 5A:18 to consider the argument raised on appeal.

In light of our conclusion that the terminations under Code § 16.1-283(E)(i) should not be disturbed on appeal, we need not consider appellant's alternative arguments that the evidence was insufficient to support terminations under Code § 16.1-283(C)(1) or 16.1-283(C)(2). See Fields, 46 Va. App. at 8, 614 S.E.2d at 659. We summarily affirm the decision of the trial court.

Affirmed.