UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, McCullough and Senior Judge Bumgardner


ANDREA MICHELLE LOFTON

                                                    MEMORANDUM OPINION*
v.      Record No. 0961-12-1                              PER CURIAM
                                                       JANUARY 15, 2013
NORFOLK DEPARTMENT
 OF HUMAN SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Everett A. Martin, Jr., Judge

        (Mary G. Commander; Rodney D. Malouf, Guardian *ad litem* for
        appellant; Commander & Carlson; Thomas & Associates, on brief),
        for appellant.

        (Bernard A. Pishko, City Attorney; Martha G. Rollins, Deputy City
        Attorney; Scott F. Hallauer, Guardian *ad litem* for the minor child;
        Hallauer Law Firm, on brief), for appellee.


        Andrea Michelle Lofton (mother) appeals from an April 27, 2012 circuit court order

terminating her residual parental rights to her child pursuant to Code § 16.1-283(C)(1) and (2).

On appeal, mother argues the trial court erred "in finding that termination of [her] parental rights

was in the child's best interests," "in finding that the Department met its burden by clear and

convincing evidence under [] Code Section 16.1-283(C)(1) and (2) that termination of [her]

parental rights was appropriate," and "in terminating [her] parental rights under subsection (C)"

of Code § 16.1-283.  Upon reviewing the record and briefs of the parties, we conclude this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The final order issued by the circuit court was signed by mother's counsel and guardian *ad litem* only "Seen and objected to," without providing any additional grounds for her objection. We have consistently held that such an objection is insufficient to preserve a specific argument absent some indication in the record that the specific objection was made. See Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) ("Ordinarily, endorsement of an order 'Seen and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error.").

To support her assignments of error, mother argues "the evidence presented showed that no services were offered to mother" and that the Department failed to make "reasonable and appropriate efforts" as required by Code § 16.1-283(C). She also notes, without elaboration, that "it is significant" that the district court terminated mother's parental rights under Code § 16.1-283(B) while the circuit court terminated her rights under Code § 16.1-283(C). The record fails to demonstrate a specific discussion of the issues raised on appeal before the circuit court. Therefore, mother did not preserve these arguments for appeal. Rule 5A:18.

Although mother states in her opening brief that "[i]n the event that it is required, [m]other urges this [C]ourt to utilize the 'ends of justice' exception of Rule 5A:18," she provides no support for her request.

"In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). The ends of justice exception should be used sparingly. Its purpose is to allow this Court to avoid

upholding a "miscarriage of justice." <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).  The Supreme Court of Virginia has stated that to apply the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." <u>Charles v. Commonwealth</u>, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005).  This occurs only in "rare instances." <u>Ball v. Commonwealth</u>, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).  Here, appellant has given us no specific reason to invoke the exception to Rule 5A:18, and we decline to do so *sua sponte.*

Accordingly, we summarily affirm the decision terminating mother's parental rights.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>