COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

SHONTIA LEFTWICH

                                                    MEMORANDUM OPINION*
v.      Record No. 1708-12-3                              PER CURIAM
                                                         MARCH 19, 2013
ROANOKE CITY DEPARTMENT
 OF SOCIAL SERVICES

            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                        William D. Broadhurst, Judge

            (A. Kristin Shandor, on briefs), for appellant.  Appellant submitting
            on briefs.

            (Daniel J. Callaghan, City Attorney; Heather P. Ferguson, Assistant
            City Attorney; L. Brad Braford, Guardian *ad litem* for the minor
            child, on brief), for appellee.  Appellee and Guardian *ad litem*
            submitting on brief.


        Shontia Leftwich (mother) appeals from an August 21, 2012 circuit court order

terminating her residual parental rights to her child pursuant to Code § 16.1-283(C)(1).  On

appeal, mother argues the trial court erred by terminating her parental rights because the

Roanoke City Department of Social Services (the Department) failed to prove 1) she failed to

maintain continuing contact with and to provide or substantially plan for the future of her child

for a period of six months after the child's placement in foster care, or 2) that termination is in

the best interests of the child.

        Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we affirm the decision of the trial court.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

The Department first removed mother's child, T.T., from mother's care on November 2, 2008, after T.T. exhibited unexplained injuries which included numerous broken bones. Mother stated that he had fallen between the bed and the wall, an explanation that was not consistent with the injuries T.T. sustained. Over the course of the following year, mother completed all of the responsibilities required by the Department and the child was returned to mother's care on November 30, 2009.

On February 12, 2010, the Department received a complaint indicating T.T. had a severe abdominal injury caused by non-accidental trauma. The treating emergency room physician testified that this was a potentially life-threatening injury. The Department again received custody of the child pursuant to an emergency removal order.

The initial foster care service plan required mother to obtain stable employment, obtain stable housing, attend individual counseling, and attend regular visitation with T.T. The Department provided mother with a referral for individual counseling, but mother did not "follow through" with the sessions. Although mother initially visited T.T. weekly, those visits ended in September 2011 due to mother's incarceration. Since her incarceration and subsequent transfer to a detention and diversion program, mother's contact with the Department has been inconsistent. She has had no direct contact or written contact with her child. The Department encouraged mother to remain in contact with T.T. by sending letters or cards, but mother made no attempt to contact her child. Appellant has not provided the Department with any plan for

- 2 -

T.T. and has been unable to inform the Department when she would be in a position to care for her child.

T.T. is doing extremely well in foster care. He has bonded well with his foster family, with whom he has spent almost three years, which is most of his life. He is doing well in school and is a happy, healthy, normal child.

Analysis

"'In matters of child welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. at 128, 409 S.E.2d at 463 (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)). The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

I.

Code § 16.1-283(C)(1) requires proof, by clear and convincing evidence that:

> The parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

Moreover,

> subsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

- 3 -

<u>Toms v. Hanover Dep't of Soc. Servs.</u>, 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (quoting <u>City of Newport News Dep't of Soc. Servs. v. Winslow</u>, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court concluded mother failed to maintain any contact with her child during her incarceration. The trial court noted "[t]here has simply been no communication." The court also found mother had no plan for the future of the child and was "simply hoping" the child would live with her upon her release. The record fully supports the trial court's conclusion that mother, without good cause, failed to maintain contact with her child or to provide or plan for her child's future for a period of over six months after the child's placement in foster care.

In addition, whether services must be offered to an incarcerated parent was addressed by this Court in <u>Harrison v. Tazewell Cnty. Dep't of Soc. Servs.</u>, 42 Va. App. 149, 590 S.E.2d 575 (2004). There, we stated, "as long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child." <u>Id.</u> at 163-64, 590 S.E.2d at 583. "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." <u>Ferguson v. Stafford County Dep't of Soc. Servs.</u>, 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992). In this case, the record supports the trial court's determination that the Department made reasonable and appropriate efforts to communicate with mother and to strengthen the parent-child relationship.

II.

Mother also argues the trial court erred by finding the Department proved by clear and convincing evidence that the termination of her residual parental rights was in the best interests of the child.

Mother failed to present this issue to the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*). Furthermore, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court precludes him from raising them for the first time on appeal").

In her challenge to the sufficiency of the evidence supporting termination, mother never argued termination was not in the child's best interests. A trial court must be alerted to the precise issue to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

In her reply brief, mother asserts that this Court should review this assignment of error under the "ends of justice" exception to Rule 5A:18. "In order to avail oneself of the exception, a *[party] must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). The ends of justice exception should be used sparingly. Its purpose is to allow this Court to avoid upholding a "miscarriage of justice." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The Supreme

Court of Virginia has stated that to apply the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005).  This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).  Here, mother has given us no specific reason to invoke the exception to Rule 5A:18, and we decline to do so *sua sponte*.

Accordingly, we affirm the decision terminating mother's parental rights.

Affirmed.