UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Beales and Senior Judge Clements

SHANNON HOUGH

v.      Record No. 2405-13-1

MATHEWS DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 9, 2014

FROM THE CIRCUIT COURT OF MATHEWS COUNTY
R. Bruce Long, Judge

(John E. Robins, Jr., on brief), for appellant.

(Carla Blake Hook; Julie L. Churchill, Guardian *ad litem* for the
minor child, on brief), for appellee.


On November 18, 2013, the trial court terminated the residual parental rights of Shannon

Hough (appellant) to her son, A.H., pursuant to Code § 16.1-283(B) and (C)(2).[1]  On appeal of this

decision, appellant argues:  (1) the evidence was insufficient to support the termination under Code

§ 16.1-283(B); (2) the trial court erred in admitting the testimony of Joan Thompson; (3) the trial

court erred in admitting the testimony of Eddie Ezzell, the child's biological father, regarding his

physical, mental, and medical conditions; (4) the trial court erred in admitting Ezell's testimony that

his parental rights to A.H. had been terminated; (5) the trial court erred in admitting a 2005 court

order finding appellant was not competent to stand trial; and (6) the twelve-month time period

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court rendered its decision after findings of fact returned by an advisory jury
pursuant to Code § 16.1-296(F), which provides that, in an appeal of a juvenile and domestic
relations district court's decision to terminate parental rights, "proceedings in the circuit court
shall be heard without a jury; however, hearing of an issue by an advisory jury may be allowed,
in the discretion of the judge, upon the motion of any party."

defined by Code § 16.1-283(C)(2) violated appellant's constitutional right to due process. Upon reviewing the record and briefs of the parties, we find no merit in appellant's assignments of error. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

I.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (2003), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Appellant contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(B), but she does not challenge the sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). Appellant's failure to challenge the termination under Code § 16.1-283(C)(2) renders moot her claim regarding the termination under Code § 16.1-283(B) because termination of her parental rights would occur in any event under Code § 16.1-283(C)(2).[2] See Winslow, 40 Va. App. at 563, 580 S.E.2d at 466.

---

[2] Although appellant did not preserve for appellate review her challenge to the termination under Code § 16.1-283(B), she asks this Court to invoke the ends of justice exception to Rule 5A:18 and consider the issue on its merits. However, since the argument is moot in light of the termination that would occur anyway under Code § 16.1-283(C)(2), we find no basis to invoke the ends of justice exception.

II.

Appellant contends the trial court erred in admitting the testimony of Thompson, an adult protective services and adult services worker associated with the Gloucester County Department of Social Services. Thompson first met appellant in January 2007 upon a referral for assistance with appellant's housing situation. Appellant cooperated in completing an assessment for assistance to find housing, but she was unwilling to consider placement in a group home or assisted living facility. Based upon the assessment, appellant qualified for a residential level of care in assisted living due to her difficulties with the daily activities of managing money, transportation, and shopping. Thompson learned through Gloucester County Public Schools that appellant had been determined to be intellectually disabled. Thompson confirmed a report she received in April 2011 that appellant had lived for a few days in a storage unit, but that she later moved in with her grandparents.

Appellant objected that Thompson's testimony was irrelevant because Thompson's contact with appellant was remote in time to the termination and prior to A.H.'s birth on December 21, 2011.

> The admissibility of evidence is within the broad discretion
> of the trial court, and a ruling will not be disturbed on appeal in the
> absence of an abuse of discretion. Evidence is admissible if it
> tends to prove a matter that is properly at issue in the case and if its
> probative value outweighs policy considerations.

Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988) (citations omitted).

Both Code § 16.1-283(B)(2) and Code § 16.1-283(C)(2) provide that, in reaching its decision on termination, the trial court shall consider the prior efforts of social, medical, mental health or other agencies to rehabilitate the parent prior to the child's placement in foster care. Thus, appellant's history of interaction with rehabilitative agencies and their efforts to assist her was relevant in determining whether the Mathews Department of Social Services (DSS) had met its

burden of proving by clear and convincing evidence the conditions required for termination. [3] Accordingly, the trial court did not abuse its discretion in admitting Thompson's testimony.

## III. and V.

Appellant argues the trial court erred in admitting testimony of Ezell regarding his chronic medical conditions and mental health disabilities. On appeal, appellant contends there was insufficient foundation for the testimony because the Commonwealth did not produce evidence to demonstrate that Ezell's conditions were hereditary. At trial, appellant objected only on the ground of relevance, not lack of foundation for the evidence.

At trial, DSS introduced a copy of an order of the Gloucester General District Court entered on September 22, 2005. The order was entitled "Order for Treatment of Incompetent Defendant." The order required the Middle Peninsula/Northern Neck Counseling Center to treat appellant in an effort to restore her competency. Appellant objected to the admission of the order "absent a report or any kind of evidence as to results of that endeavor." On appeal, appellant contends the order, proving she had been adjudged incompetent to stand trial, was unduly prejudicial because it permitted the jury to conclude that appellant was "incompetent in all things."

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. The arguments appellant asserts on appeal as assignments of error III and V are not the same arguments she asserted in the trial court. Therefore, Rule 5A:18 bars our consideration of assignments of error III and V on appeal.

> Although Rule 5A:18 allows exceptions for good cause or
> to meet the ends of justice, appellant does not argue that we should
> invoke these exceptions. See, e.g., Redman v. Commonwealth, 25

---

[3] Moreover, Thompson's contact with appellant was as recent as eight months before A.H.'s birth.

Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## IV.

Appellant argues the trial court erred in allowing testimony regarding the termination of Ezell's parental rights to A.H.  Without objection, Ezell testified that his parental rights to A.H. were terminated voluntarily.  "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this issue.

## VI.

Under Code § 16.1-283(C)(2), termination of parental rights may result if the parent,

> without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of . . . rehabilitative agencies to such end.

Appellant argues that the twelve-month deadline set forth in Code § 16.1-283(C)(2) is arbitrary and capricious and violated her right to due process.  Acknowledging she did not raise this issue in the trial court, she asks this Court to invoke the ends of justice exception to Rule 5A:18 and consider the issue.

"In order to avail oneself of the [ends of justice] exception [to Rule 5A:18], a defendant must affirmatively show that a miscarriage of justice has occurred . . . ."  Redman, 25 Va. App. at 221, 487 S.E.2d at 272.

> As our Supreme Court has stated, application of the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005). This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

In Farrell v. Warren Dep't of Soc. Servs., 59 Va. App. 375, 403, 719 S.E.2d 329, 343 (2012) (quoting Wright v. Alexandria Div. of Soc. Servs., 16 Va. App. 821, 829, 433 S.E.2d 500, 505 (1993)), we observed that "'[w]hen a state infringes upon a parent's constitutional right to the companionship of his or her child in order to protect the child from abuse and neglect, it must satisfy the mandates of procedural due process.'"

The record reflects that A.H. entered foster care on January 25, 2012, and that he was never in appellant's custody. The termination hearing began on November 17, 2013, well past the twelve-month time period set forth in Code § 16.1-283(C)(2). DSS produced clear and convincing proof that appellant was incapable or unwilling to parent A.H., a child with multiple special needs, adequately or provide him with a home environment that would serve his best interests. There is no indication that the twelve-month time period in Code § 16.1-283(C)(2) was arbitrary or capricious or resulted in a deprivation of appellant's due process rights. Thus, this is not one of the rare instances where we invoke the ends of justice exception to Rule 5A:18 and consider the issue raised on appeal.

For the foregoing reasons, the trial court's ruling is summarily affirmed. See Rule 5A:27.

Affirmed.