COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

GRETCHEN McDORMAN BURKETT

v.      Record No. 0360-15-3

HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT                    MEMORANDUM OPINION[*]
                                            PER CURIAM
GRETCHEN McDORMAN BURKETT                    JULY 28, 2015

v.      Record No. 0361-15-3

HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(Lynn C. Svonavec, on brief), for appellant. Appellant submitting
on brief.

(Kim Van Horn Gutterman, Assistant County Attorney; Sherwin
John Jacobs, Guardian *ad litem* for the minor children, on brief), for
appellee. Appellee and Guardian *ad litem* submitting on brief.


Gretchen McDorman Burkett (mother) appeals the orders terminating her parental rights to

her children, C.B. and S.B. Mother argues that the trial court erred in finding that (1) the

Harrisonburg Rockingham Social Services District (the Department) proved by clear and

convincing evidence that termination of mother's parental rights was appropriate and in the

children's best interests because "there was insufficient evidence to show that the mother had

willingly lost contact with her children for more than six months;" and (2) "mother's conduct was

so egregious as to warrant the termination of her parental rights when there was insufficient

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence to show that the children were endangered while they were in her care." Upon reviewing the record and briefs of the parties, we conclude that the trial court did not err. Accordingly, we affirm the decisions of the trial court.

On February 6, 2015, the circuit court heard this matter. Mother did not appear for the hearing; however, her counsel was present. The Department proffered its evidence and submitted several exhibits into evidence. Mother's counsel did not object to the proffer or the exhibits, nor did she offer any evidence or make any motions. Then, the guardian *ad litem* gave his recommendation. Based on the proffer and the exhibits presented, the trial court found that there was sufficient evidence to terminate mother's parental rights to C.B. and S.B. pursuant to Code § 16.1-283(C)(1) and that the termination was in the children's best interests. Mother's counsel endorsed the order. Mother did not file any post-trial objections, but she did file a notice of appeal.

On appeal, mother contends she was "never out of touch with [the Department] for more than five months at a time," so the evidence was insufficient to terminate her parental rights pursuant to Code § 16.1-283(C)(1).[1] Furthermore, she argues that the Department did not prove that the termination of parental rights was in the children's best interests.

Mother acknowledges that she did not object to the Department's proffered evidence at trial and raises her arguments for the first time on appeal. Rule 5A:18 states, "No ruling of the trial

---

[1] Code § 16.1-283(C)(1) states a parent's parental rights may be terminated if:

> [t]he parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This Court "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Mother asks this Court to consider her arguments based on the ends of justice exception to Rule 5A:18 because the termination of parental rights is a "serious, traumatic, and permanent loss." The Supreme Court of Virginia previously has stated, "The termination of parental rights is a grave, drastic, and irreversible action. When a court orders termination of parental rights, the ties between the parent and child are severed forever, and the parent becomes 'a legal stranger to the child.'" Lowe v. Dep't of Pub. Welfare of City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986) (quoting Shank v. Dep't of Soc. Servs., 217 Va. 506, 509, 230 S.E.2d 454, 457 (1976)).

However, "[i]n order to avail oneself of the [ends of justice] exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added).

> As our Supreme Court has stated, application of the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005). This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

Mother had the opportunity to present evidence and argument at trial, but did not do so. The evidence proved that the children came into the Department's custody on September 6, 2013. Mother had supervised visitation with the children until she left in December 2013. As of the trial

date in February 2015, mother had had no contact with her children since she left in December 2013. The Department did not know mother's whereabouts from January through December 2014, except that she was supposedly in Florida.

The ends of justice exception does not apply in these matters. A "miscarriage of justice" has not occurred. Redman, 25 Va. App. at 221, 487 S.E.2d at 272. The evidence was sufficient to terminate mother's parental rights pursuant to Code § 16.1-283(C)(1).

For the foregoing reasons, the trial court's rulings are affirmed.

Affirmed.